UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GENERAL REINSURANCE CORPORATION and GENESIS INSURANCE COMPANY, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 3:05-1042<br>Judge Echols |
| DOLGENCORP, INC., CHARLES FOWLER, ROBERT MAYNER, and ROY LEE MCDUFFIE, ) ) ) ) | |
| Defendants. ) | |

### MEMORANDUM

Pending before the Court is Plaintiff General Reinsurance Corporation's ("General Reinsurance") Motion for Default Judgment (Docket Entry No. 13) and Plaintiff Genesis Insurance Company's ("Genesis Insurance") Motion for Default Judgment (Docket Entry No. 15). Both of those motions seek a default judgment solely with respect to Defendant Roy Lee McDuffie ("McDuffie"). The Clerk has already entered an Entry of Default with respect to that Defendant and in favor of both Plaintiffs (Docket Entry No. 25).

### I. DISCUSSION

This is a declaratory judgment action which arose as a result of the fatal shooting of Janice Schneider ("Schneider") and Dawniell Beauregard ("Beauregard") at a Dollar General store in Deltona, Florida on October 25, 2002. McDuffie, another employee of that store, was convicted of the murders and is presently on death row at the Union Correctional Institution in Raiford, Florida.

1

The personal representatives of the estates of Schneider and Beauregard filed separate lawsuits in Volusia County, Florida against Dollar General, McDuffie, and two managers of the Deltona Dollar General store, Robert Mayner ("Mayner") and Charles Fowler ("Fowler"). In response to those lawsuits, Plaintiffs, which had issued assorted insurance policies to Dollar General, filed this action on December 12, 2005, seeking a declaration of their rights.

With respect to McDuffie, General Reinsurance asserts there is no worker's compensation or employer's liability coverage for McDuffie under the Workers Compensation/Employer Liability policy it had issued. (Docket Entry No. 14 at 8). Genesis Insurance asserts McDuffie is not entitled to coverage under the Commercial General Liability policy it issued. McDuffie was personally served with the Complaint in this action on December 14, 2005.

Rule 55(a) of the Federal Rules of Civil Procedure, provides that the Clerk may enter a default judgment upon a showing that a party has failed to plead or otherwise respond. Rule 55(b)(2) then provides that the Court may enter a default judgment and that,

> [i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(b)(2). The district court has discretion to refuse a request for a default judgment. Herndon v. Crowley, 90 Fed. Appx. 780, 781 (6th Cir. 2003).

2

"[A]s a general rule, . . . where one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Wright, et al., Federal Practice and Procedure, § 2690 (3d ed. 1998). Hence, "'[w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants.'" Northland Ins. Co. v. Cailu Title Corp. 204 F.R.D. 327 330 (W.D. Mich. 2000) quoting, Exquisite Form Ind., Inc. v. Exquisite Fabrics of London, 378 F.Supp. 403, 416 (S.D.N.Y. 1974).

The general rule applies to declaratory judgment actions. See, Nautilis Ins. Co. v. I.L.S. General Contractors, Inc., 369 F.Supp.2d 906, 909 (E.D. Mich. 2005)(default judgment in declaratory judgment action regarding insurance coverage improper where defaulting and non-defaulting defendants had similar arguments supporting coverage under policy); Northland Ins., 204 F.R.D. at 330 (default judgment against defaulting defendants not proper where insurance coverage issues against all defendants were related and there remained non-defaulting defendants who were defending themselves in declaratory action). The rationale is that entry of a judgment against a defaulting defendant could lead to inconsistent judgments regarding coverage if the remaining defendants prevail on their claim that the policy provides coverage. Nautilis Ins., 378 F.Supp.2d at 909.

3

In this case, Plaintiffs seek a judgment against McDuffie which essentially would declare that their policies do not provide coverage. The claims in Plaintiffs' Complaint for Declaratory relief in this action are virtually identical in regard to the issue of coverage as it relates to McDuffie (Counts VII and VIII), Fowler (Counts III & IV) and Mayner (Counts V & VI). With respect to each of these Defendants, Plaintiffs assert there is no Workers Compensation or Employers Liability coverage because the defendants are not insureds under the policy (Counts III, V, and VII). Plaintiffs also assert there is no coverage under the Commercial General Liability policy because the "Employer's Liability" and "Expected or Intended Injury" exclusions apply and because there was no occurrence to trigger coverage (Counts IV, VI and VIII). Because of that, a default judgment against McDuffie would be inappropriate at this time since it would declare that particular Defendant has no right to coverage, even though Fowler and Mayner are challenging Plaintiffs' claims of inapplicability of coverage.

Although the Court will not enter a default judgment against McDuffie at this time, this does not mean that McDuffie can therefore come in at some later point and respond to the allegations against him. "The defaulting defendant has merely lost his standing in court" and "[h]e will not be entitled to service of notices in the cause, nor to appear in it in any way." Frow v. De La Vega, 82 U.S. 552, 553 (1872). That is, "the allegations of the complaint filed against [him] . . . shall be taken as true, and the defaulting defendant[] will not be heard to later complain that [he

4

has] not been heard in defense of this action." Northland Ins., 204 F.R.D. at 330.

As a part of their motions for a default judgment against McDuffie, Plaintiffs also request that a partial judgment be entered against that Defendant. Presumably that request is made pursuant to Rule 54(b) of the Federal Rules of Civil Procedure which provides that "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

Since this Court will not grant a default judgment at this time, the request for a partial judgment is moot. In any event, "because of the obvious relatedness of the insurance coverage issues raised by [plaintiffs] against all of the defendants . . . entry of a Rule 54(b) judgment at this time would therefore be improper." Northland Ins., 204 F.R.D. at 330.

## II. CONCLUSION

In light of the foregoing, Plaintiff General Reinsurance Corporation's Motion for Default Judgment (Docket Entry No. 13) and Plaintiff Genesis Insurance Company's Motion for Default Judgment (Docket Entry No. 15) will be denied at this time.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE